**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTOPHER J. EPPS<br>5734 Virginia Lane<br>Oxon Hill, Maryland 20745<br><br>    *Plaintiff*,<br><br>    v.<br><br>THE CONGRESSIONAL BLACK CAUCUS FOUNDATION, INC.<br>1720 Massachusetts Avenue, NW<br>Washington, D.C. 20036<br><br>Serve: Tonya Veasey<br>       1720 Massachusetts Avenue, NW<br>       Washington, D.C. 20036<br><br>    *Defendant*. | Civil Case No.: 20-2519 |

**COMPLAINT**

Plaintiff, Christopher J. Epps, hereby brings suit against his former employer, the Congressional Black Caucus Foundation, Inc. ("CBCF"), for violations of the District of Columbia Payment and Collection of Wages Law, DC Code §§ 32-1301 *et. seq.* ("DCPCWL"). Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff is an adult resident of the State of Maryland and, at all relevant times, was employed by CBCF as a Vice President of Marketing and Communications. Plaintiff was an employee of CBCF within the meaning of the DCPCWL, based on the statutory definitions of "employee." Also, at all times relevant to the Complaint, Plaintiff was employed within the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because during that time-frame, he regularly spent more than 50% of his working time in the District of Columbia and/or

1

because his employment was based in the District of Columbia and he regularly spent a substantial amount of his working time in the District of Columbia and not more than 50% of that time in any particular state. *Id*.

2. CBCF is a not-for-profit corporation, its headquarters is located in the District of Columbia and it is registered to do business in the District of Columbia as a nonprofit entity. CBCF was an "employer" of the Plaintiff within the meaning of the DCPCWL until his employment terminated on July 24, 2020, because it hired him, it terminated him, it set the terms and conditions of his compensation, it directed him in his work and it maintained his employment records.

## JURISDICTION

3. Plaintiff is asserting causes of action under the DCPCWL.

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 because Plaintiff is a citizen of Maryland and CBCF is domiciled in the District of Columbia and the amount in controversy, excluding attorney's fees and costs, is in excess of $75,000.00.

5. This Court has *in personam* jurisdiction over CBCF because it conducts business in the District of Columbia and/or because a substantial part of the events giving rise to these claims occurred in the District of Columbia.

## STATEMENT OF FACTS

6. On June 25, 2020, CBCF delivered a letter to Plaintiff stating that it was terminating his employment effective July 24, 2020, and that it would pay him his salary and his accrued but unused vacation through July 24, 2020.

7. As part of their employment contract, Plaintiff and CBCF agreed that Plaintiff was entitled to certain benefits during his employment. Those benefits included payment of his

annual salary of $139,256.00 through his last day of employment and the right to accrue and use vacation time. And, upon separation from employment with CBCF, Plaintiff and CBCF agreed that upon termination of his employment, Plaintiff was entitled to a pay-out for the balance of his accrued but unused vacation, which was 287.60 hours as of his last day of employment (July 24, 2020). And in fact, on June 25, 2020, CBCF delivered a letter to Plaintiff confirming the terms of the agreement and promising to pay Plaintiff for his salary through July 24, 2020 and for any accrued but unused vacation time as of July 24, 2020.

8. Plaintiff's salary and leave benefits were wages within the meaning of D.C. Code § 32-1301 (3) because they constitute: "all monetary compensation after lawful deductions, owed by [Defendant] . . . whether the amount is determined on a time, task, piece, commission or other basis of calculation." *Id.* And, specifically, the salary and vacation time are "Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; or (iii) Pursuant to District of Federal Law."

## COUNT I
## VIOLATIONS OF THE DCPCWL

9. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

10. At all relevant times, CBCF was an "employer" of Plaintiff within the meaning of the DCPCWL.

11. At all relevant times, Plaintiff was an "employee" of CBCF within the meaning of the DCPCWL.

12. At all relevant times, Plaintiff's salary and leave benefits, including the right to be paid for accrued but unused vacation time at the termination of Plaintiff's employment, were wages within the meaning of D.C. Code § 32-1301 (3).

13. CBCF terminated Plaintiff on Friday, July 24, 2020. At that time, CBCF owed Plaintiff pay for his last week of employment (which had a gross value of $2,678.00) and the value of his 287.60 hours of accrued but unused vacation at the rate of $66.95 per hour (which had a gross value of $19,254.82). Under D.C. Code § 32-1303 (1), CBCF was required to have paid Plaintiff for all wages owed (salary and unused vacation) on the working day following his July 24 discharge – no later than Monday July 27, 2020. It is now Tuesday, September 8, 2020, 30 business days have passed, and CBCF has failed to pay Plaintiff for his last week of salary and his 287.60 hours of unused vacation. Therefore, CBCF is liable those amounts plus liquidated damages "equal to 10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller." *Id*. § 32-1303 (4).

14. As a result of the violations of the DCPCWL by CBCF, it is liable for one week of Plaintiff's salary ($2,678.00), the value of the unused vacation as of July 24, 2020 ($19,254.82), liquidated damages of $65,798.46 (a grand total of $87,731.28) and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the LSI Laffey Matrix rate, as required by D.C. Code § 32-1308 (b)(1).

**RELIEF REQUESTED**

This Court should do the following:

a.  enter a judgment against CBCF and in favor of Plaintiff, based on its violations of the DCPCWL in the amount of the unpaid wages plus liquidated damages in the amount of three times the unpaid wages -- $87,731.28; and

b.  award reasonable attorneys' fees and costs incurred in this action, including fees at the LSI Laffey Matrix rate.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:     (301) 587-6308
*Attorneys for Plaintiff*

5